IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

RAMON A. RICHARDSON, *et al.*, )
)
    Plaintiffs, )
)
v. )   CIVIL ACTION NO. 11-0435-CG-N
)
ALABAMA SECURITIES )
COMMISSION, *et al.*, )
)
    Defendants. )

REPORT AND RECOMMENDATION

This case is before the court on the plaintiffs' Motion to Remove Case from State Court (doc. 1), Motion for Leave to Proceed *In Forma Pauperis* (doc. 6) and various other motions.[1] This matter has been referred to the undersigned for entry of a Report and Recommendation pursuant to 28 U.S.C. 636 and Local Rule 72.1(a).

Plaintiff Ramon Richardson is confined in Fountain Correctional Center, serving a ten-year sentence for theft of property, Second Degree.[2] Pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(a) and (b), the court is tasked to determine whether the action is frivolous, malicious or fails to state a claim upon which relief may be granted. Finding the action—presuming that one can be said to exist—to be frivolous, the undersigned recommends that the court dismiss the instant action on that basis.

---

[1] Plaintiffs, proceeding *pro se*, have also filed a "Motion to Add Jointer [sic]" (doc. 2); a Motion to Suspend Number of Copies (doc. 3) pursuant to Supreme Court Rule 12.2; a Motion to Add Mailing Custodian (doc. 4); and a Motion for Three-Judge Panel (doc. 5). These additional motions are irrelevant to the issue presently before the court.

[2] Though the record includes a police incident report concerning misappropriation of funds from one of Richardson's clients, it is not clear at this stage whether that complaint led to Richardson's conviction.

This case is ostensibly brought to this court as a removal of a civil action from state court, pursuant to 28 U.S.C. § 1441. Construing the plaintiffs' *pro se* filings, it appears that one of two defendants[3] involved in a civil action brought by the Alabama Securities Commission for enforcement of state securities laws now seeks to have that state-court action removed to this court from either the Circuit Court of Mobile County or the Alabama Court of Civil Appeals, or both.

Following an administrative action before the Alabama Securities Commission, which culminated in a Cease and Desist order (doc. 1 at 32), the Commission brought a civil action in the Circuit Court of Mobile County, Alabama, on December 20, 2010, against Unity Invest and Trust, L.L.C., and Ramon A. Richardson to stop defendants from purporting to provide investment advice without registering with the State and to seek appointment of a receiver. <u>Alabama Securities Commission v. Unity Invest and Trust LLC and Ramon A. Richardson</u>, CV2010-902867. *See* doc. 1, at 17. The trial court issued a preliminary injunction on January 7, 2011. According to a notice of appeal by Richardson, the court denied various motions on February 10, 2011, including a motion to dismiss and a petition for writ of mandamus. *See* doc. 1 at 28. On March 2, 2011, it denied Richardson's Motion for Summary Judgment. See doc 1, at 27.

In a Notice (doc. 1 at 28) dated February 28, 2011, but filed on March 9, 2011, Richardson appealed the court's order of February 10, 2011, denying his motions to the Alabama

---

[3] Suit was brought against Unity Invest and Trust, L.L.C., and Ramon A. Richardson. Defendant Ramon Richardson brings the instant action *pro se* with his wife, Laporcha Q. Richardson; defendant Unity does not join in the purported Removal. As an artificial entity, Unity could not appear in this action without an attorney. *See e.g.* <u>Palazzo v. Gulf Oil Corp</u>., 764 F.2d 1381, 1385 (11th Cir. 1985), *cert. den*ied, 474 U.S. 1058 (1986).

Court of Civil Appeals. At least as far as the record before this court shows, the appeal remains pending in that court.[4]

Section 1446, Title 28 United States Code, addresses the means by which a case may be removed. Subsection (a) provides

> (a) A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

There is no indication that the Motion to Remove Case from State Court was filed as a Notice in either the civil action in the Circuit Court of Mobile County or in the Court of Civil Appeals action. Thus, on the record presented, it appears that this action has not, in fact, been removed and that the state court proceedings remain pending. Thus, the "action" is not before this court.

Alternatively, if the court were to attempt to construe plaintiffs' filing as a new action, either a parallel action or a collateral attack on the state court's rulings in the underlying action, plaintiffs has failed to file a complaint, *see* Fed.R.Civ.P. 3 ("A civil action is commenced by filing a complaint with the court"). Thus, neither as an attempted removal nor as an original action do the filings in this action present any claims for relief which this court may address.

Accordingly, it is hereby RECOMMENDED that the court DENY plaintiffs' Motion for Leave to Proceed *In Forma Pauperis* and STRIKE the filings made by plaintiffs.

The attached sheet contains important information regarding objections to the Report and Recommendation.

---

[4] Had plaintiff filed a notice in the proper court, there remain numerous other procedural issues with an attempt to remove a case more than 30 days from service of the complaint and which is on appeal.

DONE this the 19th day of August, 2011.

/s/  Katherine P. Nelson
UNITED STATES MAGISTRATE JUDGE

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. **Objection**. Any party who objects to this recommendation or anything in it must, within **fourteen (14) days** of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten [now fourteen] days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

(Emphasis added) A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial
determination that transcription is necessary is required before the United States will pay the cost of the transcript.

/s/ Katherine P. Nelson
UNITED STATES MAGISTRATE JUDGE